IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THERESA MCLAIN ALLEN, )
INDIVIDUALLY AND AS )
PERSONAL REPRESENTATIVE OF )
THE ESTATE OF RICHARD )
STERLING ALLEN, ) No. 1:08 CV 105
 )
       Plaintiff )
 ) ORDER
vs. )
 )
JOHNSON & JOHNSON, ET AL., )
 )
       Defendants )

All claims in this wrongful death case have been compromised and settled, after mediation, as the Court was advised on October 14, 2009. Terms and provisions of the settlement require that it remain confidential except as stated in the parties' Settlement Agreement and Release. There are four beneficiaries to the plaintiff's estate. Three are adults, who have consented to the settlement, while one, JMA, is a minor, 14 years old. On January 19, 2010, upon motion of the plaintiff, James B. Craven III of Durham was appointed Guardian Ad Litem for JMA, and he has filed two reports under seal.

On February 12, 2010 in Greensboro a hearing was held, after adequate notice to all interested parties, on the approval of the settlement as to JMA. The plaintiff, Theresa McLain Allen, appeared with her son JMA. She was represented by William Woodward Webb of Raleigh and Charles Wade Miller of Dallas, Texas. The defendants were represented by John E. Grupp of Charlotte. James B. Craven

III of Durham appeared as Guardian Ad Litem for JMA, and Edward C. LeCarpentier III of Raleigh appeared for Lawyers Insurance Agency, to advise the Court of the details of a proposed structured settlement for JMA.

The Court made due inquiry into the facts and circumstances of this action and the settlement, including a review of the terms of the settlement proceeds for JMA as set forth in the reports filed by the Guardian Ad Litem, under seal, to determine whether the settlement proceeds for JMA are reasonable, fair and in the best interests of JMA.

Just over 73% of the total portion of the net settlement proceeds for JMA are to be paid into an Internal Revenue Code Section 130-qualified structured settlement annuity. This will be done through a qualified structured settlement annuity purchased for the benefit of JMA from American General Life Insurance Company of Amarillo, Texas, an A15 rated life insurance company by A.M. Best's rating service. The terms and provisions of the structured settlement annuity contract provide that in the event that American General Life Insurance Company were to enter liquidation, JMA will have secured creditor status against the available assets of this life insurer.

The balance, roughly 27% of the net settlement proceeds for JMA, will be invested for him by the Guardian Ad Litem in a money market account at Morgan Stanley Smith Barney in Durham. Monthly or quarterly payments of income and principal will be made to Theresa McLain Allen for the sole benefit of JMA through June 2014. The Guardian Ad Litem shall file an annual report under seal with the

2

Clerk, with a copy to Theresa McLain Allen and JMA, the first such report due June 30, 2011.

Upon direct inquiry by the Court, Theresa McLain Allen and JMA advised the Court that they understood the terms of the settlement and are content with it. The Guardian Ad Litem advised the Court that he believes the settlement, with its structure, is fair, reasonable, and in the best interests of JMA. Edward C. LeCarpentier III advised the Court that the structured settlement plan set up for JMA was designed to provide JMA with college funding and post-college lump sum increments that would increase as he aged and matured, and that therefore Mr. LeCarpentier so advised the Court that the structured settlement portion of JMA's share of the settlement proceeds was fair, reasonable, and in JMA's best interests. The plaintiff, JMA and the Guardian Ad LItem acknowledged that the settlement is full, final and complete as to all claims against the defendants concerning the subject matter of this lawsuit.

Accordingly, for the reasons stated herein and in open court, the terms and provisions of the Settlement Agreement and Release, as they pertain to JMA and the parties, are acceptable to the Court and are fair, reasonable and in the best interests of JMA, a minor, and therefore the Settlement Agreement and Release is approved.

Upon execution of the Settlement Agreement and Release, the parties shall file a stipulation of dismissal of all claims against the defendants with prejudice,

pursuant to Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure. The parties shall bear their own costs.

This the 8th day of April, 2010.

/s/ Carlton Tilley
Senior United States District Judge